Wm. Page Bellamy Prosecuting Attorney County of Lafayette 11th and Main P.O. Box 59 Lexington, MO 64067
Dear Mr. Bellamy:
You have asked whether there are any county elected positions that are incompatible with service on the governing body of municipalities or other political subdivisions and whether there are any appointive positions which would be incompatible with service on the governing boards of political subdivisions.
You have specifically asked the following:
 1) Are there any county elected positions which are incompatible with service on the governing body (e.g. city council, school board, commissioners of road districts) of municipalities, school districts, road districts, water districts, or other political subdivisions?
 2) Are there any appointed county positions which would be incompatible with service on the governing body of municipalities, school districts, road districts, water districts, or other political subdivisions?
To determine whether there is an incompatibility between two positions, the duties and responsibilities of the two offices must be compared. Decisions have turned on whether such duties are inconsistent, antagonistic, repugnant, or conflicting where, as an example, one office is subordinate or accountable to the other. State exrel. McGaughey v. Grayston, 163 S.W.2d 335 (Mo.banc 1942).
It would be virtually impossible to answer the first question you have posed because there are many elective county offices and innumerable political subdivisions within counties to which a comparison of the duties would have to be made. It would be even more difficult to answer the second question because there are many more appointed county positions than elected ones. However, within the body of your request you indicate that there are three specific circumstances that have caused you to submit your request for this opinion.
First, you state that the circuit clerk is a member of a school board within the county. We have previously concluded that it is not incompatible to serve as a county administrator and a member of a school board. See Opinion No. 397-64, a copy of which is attached. We also previously concluded that it is not incompatible to serve as county clerk and superintendent of schools. See Opinion No. 337-66, a copy of which is also attached. The duties of a circuit clerk are set forth in many different provisions of state law. A review of those provisions indicate no direct incompatibility with holding the office of circuit clerk and the position as a member of a school board within that county. However, the position of circuit clerk does entail significant and specific responsibilities regarding the receipt of court pleadings and management of circuit court proceedings. For example, the circuit clerk has responsibilities regarding the selection of jury pools. See Section494.405, RSMo 2000. The circuit clerk must make sure that the duties of that position are carried out in an impartial manner regardless of the relationship the clerk may have with individuals or entities. The circuit clerk must be beyond reproach and serve the circuit court as prescribed by state law and local court rules. If the clerk cannot do so because of a relationship to a particular individual or entity, the clerk should consider recusing himself or herself regarding that matter. Nevertheless, we can find no specific provisions that result in the position of circuit clerk being incompatible with that of a member of a school board.
Second, you state that the county's emergency planning coordinator is a member of a city council and may be on a school board. Chapter 44, RSMo, sets forth the duties and responsibilities of state and local authorities in case of emergencies. Section 44.080, RSMo 2000, provides for the appointment of a county coordinator who "shall have direct responsibility for the organization, administration and operation of the local emergency management operations." Section 44.090.2, RSMo 2000, authorizes the coordinator to assist in negotiating mutual-aid agreements between the county and other political subdivisions. Section 44.110, RSMo 2000, allows the utilization of a political subdivision's services, equipment, supplies, and facilities in order to carry out the purposes of Chapter 44. It is clear that the coordinator of emergency services may be required to utilize equipment and facilities of municipalities or school districts in times of emergencies. As such, the duties of a city council member or school board member would be subservient to that of the coordinator of emergency services; and, therefore, it would be incompatible to hold the position as coordinator and either a school board member or member of a city council.
Third, you state that a member of a school board is considering running for county commission but only if he could still remain a member of the school board. Members of a county commission have extensive duties, including those related to the appointment to school boards in case of multiple vacancies. See, for example, Section 162.261, RSMo 2000. Due to the extensive responsibilities of a county commission in overseeing school district reorganization, it would be incompatible for a county commission member to serve on a school board.
 CONCLUSION
There is an incompatibility between two offices when the offices have duties which are inconsistent, antagonistic, repugnant, or conflicting, such as where one office is subordinate to another. Although there is no direct incompatibility between the office of circuit clerk and that of a member of a school board, a circuit clerk has significant and specific responsibilities regarding the management of the circuit court and must undertake those responsibilities in an impartial manner. There is an incompatibility between the office of a county's emergency planning coordinator and either the city council or a school board. There is an incompatibility between the office of county commissioner and a school board.
Very truly yours,
JEREMIAH W. (JAY) NIXON
Attorney General
Enclosures